UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MAGANA,<br><br>                    Plaintiff,<br><br>       v.<br><br>COUNTY OF KERN, et al.,<br><br>                    Defendants. | No.  1:23-cv-00561 GSA (PC)<br><br>SCREENING ORDER<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>PLAINTIFF'S AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to file an amended complaint.  He will be given thirty days to do so.

I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Finally, under Federal Rules of Civil Procedure 18 and 20, the claims raised against a party in a complaint should be related. In addition, defendants should only be joined in an action if it can be alleged that they are liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 18(a) and 20(a)(2).

II. STANDARD OF REVIEW

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

2

1   alleged violation was committed by a person acting under the color of state law.  See West v.

2   Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

        B.  Linkage Requirement

4       In addition, under Section 1983, a plaintiff bringing an individual capacity claim must

5   demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones

6   v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link

7   between the actions of the defendants and the deprivation alleged to have been suffered by

8   plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996);

9   see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

10      Government officials may not be held liable for the actions of their subordinates under a

11  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

12  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

13  liability in Section 1983 actions, a plaintiff must plead sufficient facts showing that the official

14  has violated the Constitution through his own individual actions by linking each named defendant

15  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

16  Iqbal, 556 U.S. at 676.

17      III.  PLAINTIFF'S COMPLAINT

18      Plaintiff is an inmate who is currently incarcerated at Kern County Lerdo Detention

19  Facility.  ECF No. 1 at 1.  In his complaint, he names three defendants:  (1) Kern County; (2)

20  Delano Police Department, and (3) the City of Delano.  Id. at 1-2.

21          A.  Claims and Harm Alleged

22      Plaintiff appears to attempt to raise two claims in the complaint:  (1) the use of excessive

23  force in violation of his rights under the Fourteenth Amendment and the "Discrimination Act,"

24  and (2) the denial of basic necessities related to his mental health in violation of the Fourth

25  Amendment.  ECF No. 1 at 3-4.  In Claim One, Plaintiff generally states –  in relevant part – that

26  since the age of sixteen, he has struggled with mental stability.  Id. at 3.  He further states that he

27  has always been "institutionalized" six to nine months out of a year in county jail.  Id.  He asserts

28  that he "feel[s] hated on and also feel[s] discriminated on."  Id. (brackets added).  The resulting

1 harm Plaintiff alleges is "mental and [physical] and feeling like [sic] overdisciplined." Id.
2 (brackets added).

3 When asked several questions related to the exhaustion issue, Plaintiff states that the jail
4 offers no administrative remedies. ECF No. 1 at 3. At the same time, however, Plaintiff states
5 that he has appealed Claim One to the highest level. Id.

6 In Claim Two, the denial of basic necessities claim, Plaintiff raises is difficult to read in
7 parts. Based on what can be deciphered in it, Plaintiff simply writes about his mental stability
8 and its limiting factors; his abusive home life; emancipation, and never being accepted by society.
9 See ECF No. 1 at 4. From what can be determined from Plaintiff's statement, it appears that he is
10 asserting that because of these conditions, the harm caused is that his mental health has been
11 affected. See generally id.

12 When asked the same exhaustion-related questions in Claim Two, Plaintiff again states
13 that there are no administrative remedies available at the jail. ECF No. 1 at 4. However, he does
14 indicate that he filed a request for administrative relief but contends that he did not appeal this
15 request for relief to the highest level because he "didn't think anyone cares." Id.

16     B. Remedies Sought

17 The remedies Plaintiff appears to seek between $800,000.00 and $25,000,000.00 in
18 compensation. See id.

19 IV. DISCUSSION

20     A. Lack of Clarity on Exhaustion Question

21 Plaintiff's complaint is deficient in two respects. First, it appears that he may not have
22 exhausted his administrative remedies prior to filing this case.

23 The PLRA requires prisoners to exhaust available administrative remedies before bringing
24 an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "[F]ailure to
25 exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007).
26 However, a complaint may be subject to dismissal for failure to state a claim when an affirmative
27 defense (such as failure to exhaust) appears on the face of the pleading. See Jones, 549 U.S. at
28 215 (parenthetical added) (citation omitted).

4

If Plaintiff did not exhaust his administrative remedies prior to filing this case, the Court is unable to consider it.  Because Plaintiff has made contradictory statements with respect to the exhaustion process at the jail, the Court will require Plaintiff to file an amended complaint to provide the Court with clarity on this issue.

### B.  Failure to State Claim

Plaintiff's complaint is also deficient because neither of the two claims is viable.  They both fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).  Specifically, neither claim identifies specific acts done by any of the Defendants to Plaintiff in violation of his constitutional rights.  See generally ECF No. 1 at 3-4.  In addition, neither claim sufficiently links any harm caused to Plaintiff to any particular Defendant.  Id.  As stated earlier, there must be a causal connection between the actions of Defendants and the violations of right Plaintiff is alleging occurred.  See Ortez, 88 F.3d at 809.

For these reasons, Plaintiff will be ordered to file an amended complaint.  He will be given thirty days to do so.

### V.  LEAVE TO AMEND

Because the complaint fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915A(b).  Rather than recommending dismissal at this juncture, however, the Court will grant Plaintiff leave to amend the complaint.  See Fed. R. Civ. P. 15(a)(2).

If Plaintiff chooses to file an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any amended complaint should observe the following.

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all

defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See Local Rule 220 (E.D. Cal. 2009).  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

The Clerk of Court will be directed to send Plaintiff a copy of the Court's civil rights form.  It is suggested that Plaintiff only use the space provided on the form to state his substantive claims.  Plaintiff is free, however, to provide a reasonable number of exhibits to support those claims.

It should be noted that the Court is not required to review exhibits attached to the amended complaint when determining what Plaintiff's claims are with respect to each Defendant.  Indeed, Plaintiff's claims should be clearly stated on the form itself.  The Court will not review any of Plaintiff's past supplements or pleadings in order to determine the substance of Plaintiff's claims.  In sum, when Plaintiff files his amended complaint, it should be a complete pleading in and unto itself.  See Local Rule 220 (E.D. Cal. 2009).

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall send Plaintiff a copy of the Court's Civil Rights Complaint By a Prisoner form;

2.  The Court has screened the complaint and finds that it fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1), and

3.  Within thirty days from the date of this order, Plaintiff shall file an amended complaint.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **January 2, 2025**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE